# UNITED STATES DISTRICT COURT

for the

District of Maine

Case No. _____

| | |
|---|---|
| LARRY EDWARDS, an individual<br>with a primary place of residence in the<br>Township of Aston, County of Delaware, State of Pennsylvania,<br><br>  Plaintiff<br><br>     -v-<br><br>R.E.M. TRANSPORT, LTD, a business corporation<br>conducting interstate commerce through the State of Maine, and<br>incorporated in the Province of New Brunswick, Canada,<br><br>and<br><br>WAYNE COLPITTS, an individual<br>with a primary place of residence in the<br>Town of St. Stephen, Province of New Brunswick, Canada,<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR A CIVIL CASE**

  NOW COMES Plaintiff by and through Counsel, and complains against the Defendants as follows:

### **PARTIES**

  1.  Plaintiff Larry Edwards ("Plaintiff") is an individual with a primary residence in the Township of Aston, County of Delaware, State of Pennsylvania.

  2.  Defendant R.E.M. Transport LTD (the "Corporation") is a business corporation incorporated in the Province of New Brunswick, Canada with a Registered Agent in Old Ridge,

New Brunswick, who was at all times relevant to this Complaint authorized to conduct interstate business and conducting interstate commerce through the State of Maine.

3. Defendant Wayne Colpitts (the "Defendant Driver") is an individual with a primary residence in the Town of St. Stephen, Province of New Brunswick, Canada, who was at all time relevant to this Complaint acting as an agent for the Corporation.

## JURISDICTION AND VENUE

4. Plaintiff brings this Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship; the defendants are subjects of a foreign state; and the amount in controversy exceeds $75,000.

5. Venue is proper in this district because the accident occurred in the Town of Benton, County of Kennebec, State of Maine, which venue is within the jurisdiction of this Court.

## FACTS

6. On or about February 12, 2014 at approximately 1:02 p.m., Plaintiff was operating a 2014 Freightliner Tractor/Semi-Trailer ("Plaintiff's Truck") in the northbound-lane on Interstate Highway 95 ("I-95") in or near the Town of Benton, County of Kennebec, State of Maine.

7. At said time and place, the Defendant Driver was operating a 2010 Tractor/Semi Trailer (the "Defendant's Truck") in the northbound-lane on I-95 in or near the Town of Benton, County of Kennebec, State of Maine.

8. The Corporation owns Defendant's Truck.

9. At said time and place, the Defendant Driver attempted to merge the Defendant's Truck from the northbound-shoulder on I-95 into the northbound-lane of traffic.

10. The Defendant Driver merged the Defendant's Truck into the path of Plaintiff's Truck, thereby causing a motor vehicle accident that caused Plaintiff serious injuries.

## COUNT I
*Defendant Driver – Direct Liability*

11. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 10 and incorporates the same herein by reference.

12. At said time and place, the Defendant Driver owed to Plaintiff the duty to use care to operate the Defendant's Truck in such a way as to avoid causing vehicle collisions.

13. At said time and place, the Defendant Driver—being unmindful of his duty aforesaid—did negligently and carelessly drive and operate the Defendant's Truck in such a manner as to place the Defendant's Truck directly in Plaintiff's path of travel, thereby causing a collision between the Defendant's Truck and the Plaintiff's Truck (the "Incident").

14. The Defendant Driver was further negligent at said time and place in that:

   a. he failed to see Plaintiff's Truck, although by exercise of due care he could have seen said vehicle in time to avoid striking it;

   b. he failed to yield the right of way to Plaintiff's Truck;

   c. he was inattentive in operating the Defendant's Truck;

15. The Defendant Driver's negligence proximately caused the Incident and the injuries Plaintiff suffered as a result.

16. Said injuries caused great pain and suffering and mental anguish to Plaintiff and required hospitalization and medical treatment for which Plaintiff is liable financially; have caused Plaintiff to lose wages and prevented him from performing his usual employment resulting in an impaired earning capacity; and have caused him loss of enjoyment of life, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects

WHEREFORE, Plaintiff prays for judgment that is reasonable against the Defendant Driver Wayne Colpitts, plus interest and costs.

## **COUNT II**
*The Corporation – Vicarious Liability*

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 and incorporates the same herein by reference.

18. At all times pertinent to Plaintiff's Complaint, the Corporation was the registered owner of Defendant's Truck and had entrusted said truck to the Defendant Driver for operation on Maine's public ways.

19. At all times pertinent to Plaintiff's Complaint, the Defendant Driver was the agent, servant, or employee of the Corporation and was operating Defendant's Truck for the benefit of the Corporation in the course and scope of the Defendant Driver's employment and/or contract with the Corporation.

20. As the Defendant Driver's employer, the Corporation will be liable to Plaintiff for the Defendant Driver's negligent conduct which the Defendant Driver undertook in the course and scope of the Defendant Driver's employment with the State.

21. As a direct and proximate result of the Defendant Driver's negligence, which negligence occurred in the course and scope of the Defendant Driver's employment with the Corporation, Plaintiff suffered the above-referenced injuries.

WHEREFORE, Plaintiff prays for judgment with respect to Count II of this Complaint that is reasonable against the Corporation R.E.M. Transport LTD, plus interest and costs.

## COUNT III
*The Corporation – Direct Liability – Negligent Entrustment*

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 and incorporates the same herein by reference.

23. The Defendant Driver was incompetent, inexperienced, inadequately trained, or reckless regarding his operation of the Defendant's Truck on the date of the Incident.

24. The Corporation knew or should have known of the Defendant Driver's inexperience or inadequate training.

25. The Corporation entrusted the Defendant's Truck to the Defendant Driver.

26. The Corporation retained the right to exercise control over the Defendant's Truck after the truck was entrusted to the Defendant Driver, at all times relevant to this Complaint.

27. The entrustment of Defendant's Truck to the Defendant Driver created an appreciable risk of harm to the Plaintiff.

28. The Corporation's negligent entrustment proximately caused or contributed to Plaintiff's injuries.

WHEREFORE, Plaintiff prays for judgment with respect to Count III of this Complaint that is reasonable against the Corporation R.E.M. Transport LTD, plus interest and costs.

## COUNT IV
*The Corporation – Direct Liability – Negligent Hiring*

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 and incorporates the same herein by reference.

30. The Corporation failed to exercise reasonable care to employ a competent, adequately experienced, adequately trained, and/or prudent driver when it hired the Defendant Driver.

31. The Corporation hired the Defendant Driver to do work which involved a risk of physical harm to third-persons unless it was performed skillfully and carefully.

32. The Corporation knew or should have known that the Defendant Driver was incompetent, inadequately experienced, inadequately trained, and/or prone to imprudence by virtue of facts and information available to the Corporation at the time of hire, and at all times subsequent thereto up to and including the Incident.

33. The Defendant Driver was engaged in such work at the time that the Incident occurred.

34. The Corporation's above-referenced failure to exercise reasonable care in hiring and/or retaining the Defendant Driver proximately caused or contributed to Plaintiff's injuries.

WHEREFORE, Plaintiff prays for judgment with respect to Count IV of this Complaint that is reasonable against the Corporation R.E.M. Transport LTD, plus interest and costs.

DATED at Lewiston, Maine this 31st day of May, 2018.

/s/ *William C. Herbert*

William C. Herbert, Esq. | Bar Roll No. 5181
Christian J. Lewis, Esq.
Sheldon J. Tepler, Esq.
Attorneys for Plaintiff

HARDY, WOLF & DOWNING, P.A.
186 Lisbon Street
P.O. Box 3065
Lewiston, ME 04243-3065